No, New Jersey Bldgv.The Union versus American Coring. Good morning, Your Honors. Good morning. My name is Mark Silverblatt. I represent the appellant, Mark Construction, in this matter. I would respectfully request that we have, that I have five minutes rebuttal time. Sure. Thank you very much, Your Honor. The argument for the appellant here can be very simply put. Basically, it's our position that when on a motion to confirm and a cross-motion to vacate an arbitration award, the appellant, in this case the respondent, presented the argument that the arbitrator did not have authority to hear and determine the claim because the underlying or any underlying agreement had been terminated prior. I guess the first question is, I take it it was a concerted action that you and the other 18 decided not to show up on October 29 for the arbitration hearing. Absolutely not, Your Honor. Then how did it come to be that you weren't there? Well, in our case, there was some confusion. I think it's detailed in our brief about just what we had requested, some information. We had requested an adjournment of the hearing. There was no concerted action. But you hadn't been told that the hearing was to be adjourned, had you? No, we had not, Your Honor. So I think you had noticed in mid to late September. Wouldn't you have just showed up and said, hey, look, we've got these things on the record. You haven't ruled on them? Your Honor, the – Do you challenge whether you should be hearing this in any event? The – I believe there was some confusion. There had been a request for an adjournment. But the way to clear up the confusion is to show up and put it on the record, isn't it? Perhaps that would have been the better course. And in hindsight, that might have – Doesn't the arbitrator's decision stand unless it meets the very strict requirements to overturn it? No, I don't believe so, Your Honor. I believe that the arbitrator cannot unilaterally decide his own – Well, arbitrators always decide unilaterally. You mean without the people being there. Well, I mean that when this question was presented to Judge Kavanaugh and detailed facts were presented to him, facts which were not disputed, that showed that, in fact, this – any underlying agreement had been terminated well before this demand for arbitration. Doesn't that assertion sort of sink your case? Because if your position is, and it is in your briefs in here this morning, that the contract itself had terminated, that puts the contract in general, not just the arbitration clause, into question. And our case law seems to say in the Supreme Court's case law, the Buckeye case, that if you're attacking the contract as a whole, that's a question for the arbitrator, right? No, Your Honor, we don't read the Buckeye case that broadly. I think if you look at the first sentence in that case, Justice Scalia says what we're deciding here is whether a claim about illegality is going to be decided by the arbitrator or by a court. We hold that it should be decided by the arbitrator. But the holding is that regardless of whether it's brought in a federal or state court, a challenge to the validity of a contract as a whole, and not specifically to the arbitration clause within it, must go to the arbitrator, not the court. That's the direct language of the opinion. We were not challenging the validity of the agreement. Well, you're challenging its existence for purposes of the parties. Yes, and there were we had claimed that any agreement had expired. In the Buckeye case, the Court expressly reserved certain other kinds of challenges that were not being decided. And there are challenges that on some reading might go to whether a contract was in existence. But I think to read the Buckeye decision in the way that obviously the district court read it, I think is wrong, and I think that it undermines a lot of other presidents, both before and after Buckeye, which I think clearly shows that the arbitrator cannot be the judge of his own jurisdiction. And I don't think that's changed. Let me ask you a question. There are two arbitration clauses, right? One is in the labor contract and one is in the trust, isn't there? That's correct, Your Honor. And which one is at issue here? The one that's in the trust, and that is interesting also because there's some very significant differences between the ones in the CBA, the collective bargaining agreement, and the ones in the trust. The one in the collective bargaining agreement is a bilateral regime. Both sides have input into the selection of the arbitrator. There's extensive discussion of the procedures. The arbitration provision in the trust agreement, which is an agreement that our client didn't see and, in fact, didn't even – But it's referenced. Yeah, it's referenced specifically. I mean, you're not – It's an affiliating – You're not asserting, are you, that the trust agreement is not incorporated by reference in the CBA, are you? Well, it is. It's a little bit more complicated than that because what we have here is a short form agreement, which references a collective bargaining agreement, which in turn references the trust agreements, which in turn have a – I'll describe it as a unilateral arbitration. However you describe the chain, I had not understood you until perhaps right now to be making the assertion that there was some break in that chain, that you had agreed – your client had signed a document, in effect, signing on to the CBA, and that the CBA, by its terms, holds in the trust agreement, and so you were signing on for the package. I did not understand that to be in dispute. Are you disputing some aspect of that? No, what we're saying is that if you look at the regime that the agreement or the instrument that establishes the arbitration regime that's operative here, if you look at that trust agreement, it specifically says that it terminates, it's over, and the rights and obligations presumably are terminated. That's a different issue than the one that I think is more important. We are not challenging on this appeal that there could have been an obligation to arbitrate, but for the fact that the underlying – There was an expiration of the – but for the fact that you say there was – the underlying contract had expired. That is correct, Your Honor. Can I ask you a practical question? You were obliged to put funds into the trust, right? I mean, you don't deny that you had that obligation. In fact, you did. All the union wants to do, all I understand they wanted to do, is to check whether, in fact, you put the right amount of money for their members. Why can you object to that? Your Honor, again, to look at the undisputed facts here, this is not a situation where you have two parties living together for a long time with an acknowledged procedure. Okay, we know enough about the building construction trade to know that we get subcontractors that they come and they go. We understand. We've had a lot of these cases. I'm sure you have, Your Honor. But I still want to know, if all they wanted to know is to see the records, to see the amount of money that you had put in and whether you fulfilled your obligation to their members, even if you didn't have an agreement, how can you in equity object to that? Your Honor, I think that the answer to that is that we don't believe that this arbitrator had the authority to make that determination, and we did not want to be in a position where, first, there's a ruling on the ---- I don't think that's Judge Slobider's question. That parries my question. Your Honor, I respectfully think that that answers your question because I think that what ---- You don't think they have the power, the authority. He didn't have the authority to let them do this. Not in this case, Your Honor. Let me ask this. If you've got, for the sake of argument, if the agreement were still in effect, you don't question that under this chain of agreements, this arbitrator could have come in and, in fact, entered the order that he entered, do you? Your sole defense is that CBA expired, therefore, we're out of money, right? That's correct, Your Honor. All right. So if your whole argument hinges on that, whether there's a contract in existence or not, not what the scope of the arbitrable issues might be or anything like that, if that's your entire argument, why isn't it the case that the arbitrator has the responsibility and the power to look and see whether the contract itself even exists? And then after this, your red light is on. But do answer the question. Okay. Your Honor, our position is that the determination as to whether the arbitrator has authority is something that has to be decided by the court. And we have cited the cases on that proposition. Okay. We understand that. Thank you. Thank you, Your Honor. We'll hear from counsel for the union. You'll excuse me if I don't use the whole name of the union. Good morning, Your Honor. Raymond Heineman, counsel to the statewide laborers' benefit funds. Your Honor, this issue really involves the one you've cited. Does the union have the right to make sure the employer accurately contributed during the term of an agreement? The employer is seeking a circumvent. Can I ask a preliminary question? Sure. Why wasn't this action brought under the Labor Management Relations Act rather than the FAA? Because in this circuit, Your Honor, the FAA allows a summary procedure as opposed to the more detailed procedure under the LMRA. We've been using the FAA, I think, since Newark stereotypers in the 60s. It's been allowed by Circuit City, I believe Palco in this circuit, Tenney Engineering. There's a whole line of cases that allow the use of the FAA as a summary procedure. But it seems that this dispute revolves around the interpretation of a collective bargaining agreement, doesn't it? Absolutely, Your Honor. Well, the interpretation of the collective bargaining agreement and the trust, correct. And that would normally, you would think, would be an LMRA matter. It could. The case law, though, brings both in together under the federal common law. So both the FAA and— I'm not sure the result is any different either way. I'm just saying it just jumps out at me. I think it's purely a procedural issue. It's a more summary procedure under the FAA. Under the LMRA, you would be filing a complaint, getting an answer, doing some discovery, then filing summary judgment motions under the FAA. We have this summary procedure, which is much quicker. It's much more efficient. It brings the issue immediately to the fore. Do you agree with your colleague that the arbitration provision at issue here is the one in the trust agreement? Yes, Your Honor. Absolutely. And is the arbitrator's authority under that provision different than under the CDA? No, I think the arbitrator's authority is the same. The arbitrator's authority draws from the trust agreement, and it's based on the party's agreement in the CBA, and I think it evolves as authority deals with the common law, federal common law. I don't know whether the answer to Judge Ambrose's question would be different when we are dealing with an arbitration under a trust agreement as distinguished from a CBA. I haven't thought of that. Your Honor, there's case law on both ERISA trust fund ARBs and CBA ARBs allowing the FAA or the LMRA. I think in the District of New Jersey, the FAA is the more prevalent method for dealing with these issues. Because of its more expeditious procedure. And you asked one question, was what about 25 cases? And the reason is we're trying to move a body of cases through to get audits done quickly to allow the funds to assess whether contributions are being made. And this process allows a summary procedure, which is quick and efficient and expensive, and also allows parties that want to contest, want to be involved, it gives them a fair, neutral procedure for them to determine their rights and raise any issues. So what's your answer to the issue as posed by your adversary, i.e., that this expired? How do you answer that? It's after whatever that date was in 07. Absolutely, Your Honor. It expired. However, this circuit in a case called Becker Auto Radio USA, the Becker Auto Radio Verks, 585F2-93, 3rd Circuit, 1978, concluded that a dispute over a detailed termination procedure is a dispute over the terms of a contract and arises about the meaning of the contract. So it's to be decided by the arbitrator. Your opponent, I think he's saying that the problem here isn't one about validity and it's not even one about the specific terms of the contract. It's that there's no contract, none, period. Correct, after April of 2007. And that that distinguishes his case from Buckeye because Buckeye was about validity, not existence or not, and it would distinguish it from the case. It's your citing because it's not about some detailed procedure within it. How do you respond to that? Well, Your Honor, there's a whole line of cases, Nolde and Litton, which say that disputes about vested benefits, terms and conditions which arose during the term of a contract, are still arbitrable after expiration. This isn't about benefits that arose during the term, according to them. This is about a right to arbitrate. And they say that right to arbitrate is being asserted now, after the contract's over. That if you were asserting a right to arbitrate two years ago, you're two years too late. You're talking about wanting to, excuse me, not arbitrate, audit. Audit right now. You want to audit now. And that that comes, you know, that's not a previous right like whether some benefit invested. Except in both Nolde and Litton, we are seeking to audit contributions which he was, the employer was required to make during the term of the agreement. And Nolde and Litton hold that when there's a vested term and condition that's accrued during the term, you can still arbitrate over that. But if you were noted, it was noted to you in January of 07, that they were not going to have the contract renewed, the CBA renewed, and therefore it expired at the end of April. You had three months' notice to send an auditor in. Why didn't you do it then? I think the practical response is there are some 4,000 to 5,000 contractors under contract and contributing to the statewide benefits fund. I'd agree with you that it would have been much more efficient to do that. Unfortunately, I think in the, just the practical sense of monitoring 5,000 contractors, that wasn't done. Well, are you asserting then that even if the contract were expired, that you'd have some right to go in and demand an audit because the benefits had accrued earlier? Yes, but the audit would solely be limited to the period during which the collective bargaining agreement was in force. For how long would you have that right? Does that go on forever? You come back 20 years later and say, hey, we're interested in what happened 20 years later? No, Your Honor, I think the answer is found in ERISA, which has a six-year statute of limitations. So the funds would have the ability. They have the ability to come into court. They have the ability to arbitrate with obligations to collect our obligations within six years. And I think the reason that's so vitally important is because employees' benefits depend on that and the funding of the plan. So is it the answer, though, that if the contract's over and you want information, you've got a civil discovery process available to you? It sounds like you're posing the choice this way, that if we don't have the audit right post-contract, that we're deprived of the opportunity to find out whether there's an ERISA problem. But that's what ERISA suits are about, aren't they? Yes, Your Honor, but I think ERISA allows both direct access to the courts and under the FAA through an arbitration process. So if the parties have agreed under a contract to arbitrate and the terms and conditions, the accrued rights, the benefits, the contributions accrue during the term, the fact that the contract has expired still allows you to arbitrate the events that occurred during the contract term, provided we're talking about accrued benefits, accrued rights. And here, all we're doing... What case do you have specifically that says that, that says after a contract's over, you can assert a contract right because it deals with something that happened during the term of the contract? Both Nolde and Litton dealt with that same situation. I also believe there's a case Ludens, which is similar. But, for example, Nolde was a right to severance benefit, which was asserted after the expiration of the contract. The severance benefit had accrued for the workers during the term of the contract. Following expiration, the workers were then laid off and let go and asserted the right to the severance benefit they had accrued during the term and arbitration was allowed. Litton was a Supreme Court case and it's the same thing. Both Nolde and Litton were Supreme Court cases, yes, Your Honor. And in those instances, they were saying, they weren't saying, we want to audit. They were saying, we know that we're entitled to that money. Give us that money. And they got that money, right? Correct, Your Honor. But here, we are saying we were owed contributions. You're saying you want to audit it so you can get money, right? We want to audit it so we can see if we're owed money and make sure. I think it's a dispute resolution process and I think the arbitration procedure allows us a more efficient method of going in and getting it done rather than tying the courts up. I think it's the reason we have arbitration. So I think it's under federal policy favoring arbitration, it's a good thing. We avoid tying up in the civil discovery process, which is very expensive and very cumbersome. We may go in with an audit in half a day and find no funds are due as opposed to starting a federal lawsuit with discovery, getting lawyers involved, mounting the cost for everyone. The unfortunate thing is this is one of 20 cases which reached your level. The others, the audits have been done years ago. The disputes have been resolved. I think this case points out the benefits of the arbitration process, particularly in the administration of funds contributions and auditing. So then one of the things we have to decide is whether the expiration of the CBA precludes arbitration. Isn't that right? If the CBA expired. Well, I think, Your Honor, the issue there is Buckeye. Does the contract cover it? Is there a dispute under the contract and the employer saying no? This was something for the arbitrator to decide. Did they not make a claim that technically fit within Buckeye, a fraud in the execution claim? Absolutely. They challenged both fraud in the execution and the absence of an agreement, and both of those fit within Buckeye. Fraud in the execution, fraud in the inducement are clearly claims mentioned under Buckeye, and then determination. No, that would be fraud in the execution would mean that the two parties never concluded an agreement, correct? If I'm remembering the distinctions correctly, Your Honor, fraud in the execution is that the agreement was actually executed, but there was a whether it was void in the beginning, perhaps because a different document was put in front of them. I think really. So in effect there was never a meeting of the minds to have an agreement. Correct. I thought that that would fall within the exception to Buckeye, and therefore it would be a challenge that you would make to the courts in the first instance. I think the exception to Buckeye is identified in, I want to say, footnote 4, which is really signatory issues. Was it signed? Was the person that signed competent? Were they an agent? Were they a minor? Those are the exceptions to Buckeye. I think Buckeye eliminates the distinction between fraud in the execution, fraud in the inducement. Buckeye doesn't have a footnote 4. I think it's footnote 1 then, Your Honor. I'm sorry. Those are the exceptions you've accurately listed, but there is a question that comes out of Buckeye, which I'm not sure I understand your answer to yet. The assertion of your adversary is that Buckeye does reach the kinds of issues you've just described, fraud in the inducement, et cetera, but it doesn't purport to, according to him, reach a question of whether a contract that's expired is somehow subject to arbitration. Why is his effort to distinguish it on that basis faulty? Because, Your Honor, I think the challenge that was made is we have no agreement. It's gone, and it's up to the arbitrator to interpret that agreement to see. First question is when did it end? And then secondly, are there rights and obligations which continue after its termination? Because the arbitrator has to look at the notice given about termination and things like that. Correct. Absolutely, Your Honor. And the provision is fairly detailed, fairly complex. I mean, I think it tracks exactly what the court was saying in the Becker case. It's a case that an arbitrator has to look at. And then the question of, from the agreement as a whole, what obligations under that agreement continue? And he's not challenging just an arbitration agreement. He's challenging any continued rights under the collective bargaining agreement. And Nolde and Litton both say if a term and condition has vested and accrued, it is still subject to arbitration even after the expiration of the agreement. So I think that's the distinction, and I think that's the important issue here. I think we understand your position. Thank you, Your Honor. Thank you. Mr. Silverblatt, you have rebuttal, right? Yes, I do. Yeah. Mike, how much rebuttal? Five minutes? Mm-hmm. Mr. Silverblatt, in Becker, this court in 1978 said, we find it difficult to understand how a dispute concerning the termination and renewal clause of that agreement did not arise out of or is not about the agreement. I understand that is the union's position, and that's the authority on which the union relies. How can you distinguish that, or can you distinguish that? First of all, I would have appreciated if that case had been cited in the brief of my adversary. It wasn't. I think it's brought up. Well, but it's a rather famous Third Circuit decision. I understand, Your Honor. And the very issue that you say is here, and I'm sure that you could have found it. But go ahead. You're telling us you never heard of the Becker case? Your Honor, I will try to respond to your question, which is whether this claim relates to a claim that was the subject of a preexisting agreement. Is that Your Honor's claim? No. What I said, the language of our opinion says that a dispute concerning the termination and renewal clause of a contract arises out of and is about the agreement and therefore subject to the arbitration clause. That's the language of the opinion. Well, I think that, first of all, I think that that would be something that the court would have had to decide. And here, in this case, there was no. Well, why would the court have to decide it? Well, I mean, if you're not going to go and they come and say we want to enforce it, of course it comes to a court and the court has to enforce it. But the first question is, I mean, in part of what you have to do is distinguish Becker because that is what Becker says. How is this case different from the Becker case? I think in this case we have the authority that they are relying on. That is to say the trust agreement arbitration provisions specifically says that this agreement is over, which to my reading would say, and therefore the authority that you say the arbitrator has to order these audits and then to enforce that, that's gone. In the union's brief, the union states in the Nolde matter, Nolde is a Supreme Court opinion. It stands higher than the Third Circuit. The court recognized that grievances that arise during the life of the CBA and are arbitrable under the agreement would not become non-arbitrable merely because the agreement terminates before arbitration is requested or commences. Do you agree that Nolde says that? I agree that Nolde says that. I would also respectfully suggest that Nolde has been cut back in the Litton case and also … That Litton cut down Nolde? It cited it, didn't it? It did and purported to distinguish it. Some authorities have questioned whether Nolde remains in effect. It's the Supreme Court. But Litton said we are not going to employ the presumption of arbitrability, which was the assumption in Nolde. We're not going to employ the presumption of arbitrability because that means these agreements continue on forever. We're not prepared to do that. Litton also said that we presume as a matter of contract interpretation. Again, this is the court making a determination for itself as to whether there is an arbitrability going forward. We presume as a matter of contract interpretation that the parties did not intend a pivotal dispute resolution provision to terminate for all purposes upon the expiration of the agreement. Clearly, the court is engaging in an analysis of what it believes the party's intention was. There is no attempt here by the judge to even try that. This court in Luton specifically found an implied agreement, in fact, as a way of preserving a right to continue arbitration, an exercise which I respectfully suggest would have been unnecessary if what is suggested here, that the obligation continues forever. Thank you, Mr. Silverberg. I think my only function is to watch the red light and tell counsel when it's on. Thank you very much.